UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK

ANDREW PERRONG
      Plaintiff

      v.

Charles Baratta LLC, et al.
      Defendants

No.  2:21-cv-00996

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PURSUANT TO 12(B)(1) AND 12(B)(6)**

____/s/ Joshua Thomas_____
Joshua Thomas Esq.
Law Offices of Joshua L. Thomas, PLLC
Via Pro Hac Vice
225 Wilmington-West Chester Pike
Suite 200
Chadds Ford, PA 19317
Phone: (215) 806-1733
Email: JoshuaLThomas@gmail.com

**SUMMARY**

Defendants Charles Baratta LLC, Slater Slater Schulman LLP, and Arkady Frekhtman Attorney at Law P.C. ("Defendants") respectfully submit this memorandum of law in support of its Motion to Dismiss Plaintiff's Amended Complaint ("PAC") pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).Plaintiff Andrew Perrong an individual who has been called a "frequent filer of Telephone Consumer Protection Act lawsuits" files in a seemingly new venue here, yet fails to properly cure issues he has experienced in the past. (*See Perrong v. South Bay Energy Corp.*, Case No. 2:20-cv-05781-JDW (E.D. Pa. April 13, 2021.) The primary issue in this case is that the number allegedly called "215-725-1530" is not only not registered to him, but is registered at a home line to an unrelated individual at an address different from Mr. Perrong. (See Exhibit A – Email from Perrong and Exhibit B – searches of that number to a third party). As such, these alleged violations are non existent in this matter and should be dismissed since Plaintiff in this matter has no factual basis for their claims.

**LEGAL ARGUMENT**
**THE CASE SHOULD BE DISMISSED WITH PREJUDICE**

A. <u>Standards of Review On Motion To Dismiss</u>

Fed. R. Civ. P. 12(b)(6) provides for dismissal where a plaintiff fails to state a claim upon which relief can be granted. A legal claim requires pleading sufficient facts. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). "Bare assertion[s]" or "conclusory allegations" will not suffice. *Id.* Nor will a "formulaic recitation of the elements." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009); *Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Ctr. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 724 (2d Cir. 2013) (affirming dismissal where plaintiff "does not support its [] claim with factual allegations sufficient to elevate it from the realm of mere 'legal conclusions'") (citing *Iqbal*, 556 U.S. at 679); *Melito v. Am. Eagle Outfitters, Inc.*, 14-CV-

02440 (VEC), 2015 WL 7736547, at *4-5 (S.D.N.Y. Nov. 30, 2015) ("[L]egal conclusion[s] couched as factual allegation[s]" will not prevent dismissal.). Instead, the PAC must allege "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's allegations. *Twombly*, 550 U.S. at 556. If Plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Id.* at 570.

As such, Plaintiff lacks standing to assert these claims. He has not, and cannot, plead that he suffered any concrete or particularized injury from Defendant's alleged cellular phone calls, thereby lacks standing to assert a claim under the TCPA pursuant to the United States Supreme Court's recent ruling in Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016), as revised (May 24, 2016) ("Spokeo").   Plaintiff also fails to plead facts establishing a plausible claim against Defendant.   Rather than pleading specific facts, Plaintiff pleads barebones, conclusions that contain a formulaic recitation of the elements under the TCPA and inapplicable state law. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678.  In this case, even if all facts are accepted to be accurate, there is no case that can be pursued here as there are no damages by the alleged parties that Plaintiff is attempting to sue. Instead, this is merely an attempt by plaintiff to extract monies from an innocent party that Plaintiff should have known should not be pursued prior to filing.

B. Material Facts

In this particular case, there were never any violations, as Plaintiff's number, the only allegedly number called, is not registered to him, and even if it was, it is still a landline. (See Exhibit A – Email from Perrong and Exhibit B – searches of that number to a third party). Further, by his own admission, he invited further contact when he received the call, and as such, invited further communications, not stating that he did not wish to be called further. Indeed, plaintiff

pleads that on January 30, 2021 he left his information **to be contacted again** and received an email for that purpose. See PAC ¶¶ 30-32. He then sent an email on February 1, 2021 to submit his demand, where **he admitted** that he not only spoke with an employee (which contradicts his claim in the PAC) that he stated "whom I believe to be from Prime Marketing Source". (See Exhibit A). Further, in that email he includes one address, though based on public records, that is a different address from that associated with his alleged number. (See Exhibit A – Email from Perrong and Exhibit B – searches of that number to a third party).

To make matters worse for Plaintiff, the call does not fall into the type required to even count as a violation. (See Certification of Rashid Mukhtar). Per the TCPA, to qualify as an 'automatic telephone dialing system,' a device must have the capacity either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator. Mr. Muhktar has personal knowledge of the device used in this case, which is known as an "IVR broadcaster" and that is what was used to send out the alleged initial call. The dialer does not, and can not, use any random or sequential software or number generator for dialing. The dialer is just used to dial the calls and connect the calls, it in no way generates the number or are they ever random. All numbers received have been DNC (Do Not Call list) and TCPA (Telephone Consumer Protection Act) scrubbed so there cannot be violations when they are input into our dialer. As such, these calls do not, and cannot, fall into the category as violations of the TCPA.

C.  <u>Legal Argument</u>

This case should either be dismissed with prejudice, based on the aforementioned facts. From the outset, this court lacks Subject Matter Jurisdiction. *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 436 (2007) ("If . . . a court can readily determine that it lacks

jurisdiction over the cause or the defendant, the proper course [is] to dismiss on that ground.").
Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a
complaint that fails to state a claim upon which relief can be granted. "To survive a motion to
dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true,
to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)
(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To demonstrate a facially
plausible basis for relief, a plaintiff must plead facts which allow "the court to draw the reasonable
inference that the defendant is liable for the misconduct alleged." Id.

### a.  Standard of Review For Motion to Dismiss

Defendant brings this motion to dismiss and/or to strike pursuant to Rules 12(b)(1),
12(b)(6) and 12(f) of Federal Rules of Civil Procedure. Dismissal is appropriate under Rule
12(b)(1) when the district court lacks subject matter jurisdiction over the claim. Fed.R.Civ.P.
12(b)(1).

Because "standing is necessary to our jurisdiction," a federal court must determine standing
at the outset. *Strubel v. Comenity Bank*, 842 F.3d 181, 187 (2d Cir. 2016); *see Equal Vote Am.
Corp. v. Cong.*, 397 F. Supp. 3d 503, 507 (S.D.N.Y. 2019) ("'The irreducible constitutional
minimum' necessary to establish subject matter jurisdiction is standing.") (quoting *Lujan v. Defs.
of Wildlife*, 504 U.S. 555, 560-61 (1992)). To survive a motion to dismiss for lack of standing, a
plaintiff must allege facts that, when accepted as true, "affirmatively and plausibly suggest that it
has standing to sue." *Reyes v. Sofia Fabulous Pizza Corp.*, No. 13-CV-7549 (LAK) (JCF), 2014
WL 12768922, at *2 (S.D.N.Y. Apr. 7, 2014), *report and rec. adopted*, 2014 WL 1744254
(S.D.N.Y. Apr. 24, 2014). A facial challenge to Article III standing under Rule 12(b)(1) may be
"based solely on the allegations of the complaint or the complaint and [any] exhibits attached."

*Katz v. Donna Karan Co.*, LLC, 872 F.3d 114, 119 (2d Cir. 2017) (quotation omitted). The party asserting subject matter jurisdiction has the burden to prove the Court's jurisdiction by a preponderance of the evidence. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

In addition, a plaintiff must have statutory standing under the law being invoked. See Casper Sleep, Inc., 204 F. Supp. 3d at 637-38. This assessment was previously part of the "prudential standing" analysis or a "separate aspect of standing" but courts now address it under Rule 12(b)(6). See id. at 637 ("[T]he inquiries traditionally undertaken under the 'prudential standing' rubric (e.g., the zone-of-interests test) . . . simply go to whether the particular plaintiff 'has a cause of action under the statute.'").

Lack of Article III standing necessitates dismissal of a complaint. *See Pres. at Connetquot Homeowners Ass'n, Inc. v. Costco Wholesale Corp.*, No. 17CV7050JFBAYS, 2019 WL 337093, at *1 (E.D.N.Y. Jan. 28, 2019), *appeal withdrawn*, No. 19-1407 (L), 2019 WL 4025726 (2d Cir. Aug. 21, 2019). To establish standing under Article III, a plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo v. Robins*, 136 S. Ct. 1540, 1547 (2016) (quoting *Lujan*, 504 U.S. at 560-61). All three of these requirements are absent here.

In our case, Plaintiff does not plead any facts establishing that he suffered any concrete or particularized injury.  In fact, Plaintiff does not allege that he suffered any damages whatsoever as a result of any alleged violations of the TCPA. At best, Plaintiff has simply alleged a bare procedural violation, which is insufficient to establish standing. It is important to note that Plaintiff's failure to plead a specific, concrete injury is particularly noteworthy in this case.

For constitutional standing, the "first and foremost" of Article III's requirements is injury in fact. Spokeo, 136 S. Ct. at 1548. To establish a sufficient injury in fact, a plaintiff must allege

an injury that is "'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" Spokeo, 136 S. Ct. at 1548 (quoting Lujan, 504 U.S. at 560); Clapper v. Amnesty Int'l USA, 568 U.S. 398, 409-10 (2013). Bank has failed to allege any such injury.

Congress enacted the TCPA to remedy "certain practices invasive of privacy" and "intrusive nuisance calls." See Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 745 (2012). But Plaintiff has not alleged any facts establishing an "actual or imminent" invasion of privacy here. In fact, his alleged number is not even registered to him, nor is their evidence that a cell phone was called, and not a land line. Defendant fails to and cannot assert an invasion of his privacy interests or that he had any expectation of privacy regarding a third party's residential landline.

Moreover, his decision to remain on the line speaking to multiple live persons and requesting documentation does not suffice as injury. See Exhibit A – Email); cf. Bank v. CreditGuard of Am., No. 18CV1311PKCRLM, 2019 WL 1316966, at *11 (E.D.N.Y. Mar. 22, 2019) (rejecting Plaintiff's allegation that he was injured by a prerecorded call where he remained on the phone with a live agent for 20 minutes for investigatory purposes).

Causation for Article III standing purposes requires that the "injury in fact" be "fairly traceable" to the defendant's conduct. Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118, 125 (2014)).. Plaintiff fails to plead sufficient facts showing, inter alia: (i) any conduct directly or indirectly attributable to Defendants; (ii) any basis for concluding that the party who initiated the call is an agent of Defendants; (iii) that there is any relationship between Defendants and any third party who contacted him; or (iv) what control, if any, Defendants had over that third party. See Holland v. JPMorgan Chase Bank, N.A., No. 19 CIV. 00233 (PAE), 2019 WL 4054834, at *7 (S.D.N.Y. Aug. 28, 2019) (finding plaintiff's injury was not fairly traceable to the conduct of JPMC because plaintiff "failed to present a factual basis supporting his assertion that JPMC

itself made any of the robocalls"); see also Freidman v. Massage Envy Franchising, LLC, 2013 WL 3026641, at *4 (S.D. Cal. June 13, 2013) (finding plaintiff lacked Article III standing for TCPA claim where plaintiff did not allege an agency relationship "that would in turn infer direct or vicarious liability"). Indeed, plaintiff pleads he left his information **to be contacted again** and received an email for that purpose. PAC ¶¶ 30-32. These allegations directly contradict his bald conclusion that any purported injury is traceable to Defendants. Because Plaintiff fails to allege facts by which one could trace a purported injury to Defendants, he lacks Article III standing.

Redressability means a non-speculative "likel[ihood] that the injury alleged will be remedied "by a favorable decision." See Lujan, 504 at 560-61. Moreover, a party may have standing "to seek redress for injuries done to him, but may not seek redress for injuries done to others." Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 166 (1972). Plaintiff pleads no facts showing any conduct attributable to Defendants, and thus any purported injury is not capable of being redressed. Further, imposing damages on Defendants will not prevent the purported unlawful conduct of any of the unidentified third parties who allegedly placed the call. Accordingly, Plaintiff also lacks Article III standing due to his failure to meet the redressability requirement and his PAC must be dismissed under Rule 12(b)(1).

In 2015, Congress amended that provision's general robocall restriction to permit robocalls made to collect debts owed to or guaranteed by the federal government. That "government-debt exception" was short-lived. On July 6, 2020, the Supreme Court struck it down as an unconstitutional content-based restriction on speech and severed it from the rest of the statute. *See Barr v. Am. Ass'n of Political Consultants (AAPC)*, 140 S. Ct. 2335 (2020). Because of the ruling in that case, and that the Supreme Court did not reach a clear majority, further clarification is necessary, and was supplied when the Supreme Court rendered a ruling in the matter of Facebook,

Inc. v. Duguid, No. 19-511  (Decided April 1, 2021). As part of the ruling, it completely nullifies the claims made in that complaint, as more fully elaborated in the case itself, but also, the claims in this case too. "The Court reversed, in Facebook's favor, holding that to qualify as an "automatic telephone dialing system," a device must have the capacity either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator." Facebook, Inc. v. Duguid.  No. 19-511  (Decided April 1, 2021). As such, this case should be immediately withdrawn, in light of this ruling." That is not applicable in this case, nor does Plaintiff have any evidence of such. Once again, even if he did, he actually requested information during the call **when he admittedly spoke with a person,** completely nullifying his claim that he was harmed and removing this as a TCPA claim, since he spoke with an individual. As such, the complaint must be dismissed for lack of subject matter jurisdiction.

### b.  Standard Of Review To Strike Class Allegations as Impertinent, Immaterial Allegations

A court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Whether to grant or deny a motion to strike is vested in the trial court's sound discretion." *Tucker v. Am. Int'l Grp., Inc.*, 936 F. Supp. 2d 1, 15 (D. Conn. 2013). "[M]otions to strike . . . may be granted where the allegations challenged have no real bearing on the subject matter or are likely to prejudice the movant." *Impulsive Music v. Pomodoro Grill, Inc.*, No. 08-CV-6293, 2008 WL 4998474, at *2 (W.D.N.Y. Nov. 19, 2008) (quoting *Red BallInterior Demolition Corp. v. Palmadessa*, 908 F. Supp. 1226, 1241-42 (S.D.N.Y. 1995)).

Motions to strike class allegations "are appropriate where the unsuitability of class treatment is evident on the face of the complaint . . . ." 1 McLaughlin on Class Actions § 3:4. "Although class certification typically occurs at a later stage of the proceedings, '[a] motion to

strike class allegations is 'procedurally permissible' at the pleading stage,'" (*Davis v. Navient Corp.*, No. 17-CV-00992-LJV-JJM, 2018 WL 1603871, at *4 (W.D.N.Y. Mar. 12, 2018)), "if the inquiry would not mirror the class certification inquiry and if resolution of the motion is clear." *Davito v. AmTrust Bank*, 743 F. Supp. 2d 114, 115 (E.D.N.Y. 2010) (internal citations omitted). This Court should dismiss the case because Plaintiff lacks standing to bring a TCPA claim because he does not allege, and cannot establish, any concrete harm or injury as result of the alleged cellular telephone calls and if not, should dismiss the Class allegations as  completely devoid in fact or legal basis.

## CONCLUSION

For these reasons, this Court should dismiss the complaint with prejudice.

 /s/ Joshua Thomas
Joshua L. Thomas and Associates
Joshua Thomas Esq.
225 Wilmington-West Chester Pike
Suite 200
Chadds Ford, PA 19317
Phone: (215) 806-1733
Email: JoshuaLThomas@gmail.com

## **CERTIFICATION**

Avi Robert Kaufman
Kaufman PA
400 Northwest 26th Street
Miami, FL 33127
(305) 469-5881
Email: kaufman@kaufmanpa.com

I, the undersigned attorney certify that I served a copy of this on Plaintiff, specifically:


_____/s/ Joshua Thomas_____
Joshua L. Thomas and Associates
Joshua Thomas Esq.
Supreme Court ID No. 312476
225 Wilmington-West Chester Pike
Suite 200
Chadds Ford, PA 19317
Phone: (215) 806-1733
Email: JoshuaLThomas@gmail.com

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK

ANDREW PERRONG
     Plaintiff

    v.

Charles Baratta LLC, et al.
     Defendants

No.  2:21-cv-00996

---

**ORDER GRANTING
MOTION TO DISMISS**

THIS MATTER having been opened to the Court upon the application of attorney for

Defendant, and for good cause shown;

IT IS ON THIS _____ day of _____, 202___;

ORDERED:

1. That Defendants' motion is hereby granted; and

2. That the case is here by DISMISSED WITH PREJUDICE.




_____

# EXHIBIT A

**From:** Andy P.
**Sent:** Monday, February 1, 2021 3:05 PM
**To:** Prime Marketing Source
**Subject:** Illegal Calls from Prime Marketing Source on Behalf of Slater Slater Schulman LLP and Frekhtman & Associates


February 1, 2021
Re: Violation of the Telephone Consumer Protection Act

Sirs:

My name is Andrew Perrong. I write to bring to your attention a telemarketing concern of mine. On January 30, 2021, I received three automated "robocalls" placed using a prerecorded message from the caller ID 814-631-5055 and an Automatic Telephone Dialing System ("ATDS") from the caller ID 516-712-2661. These messages were sent to my telephone number 215-725-1530 soliciting clients by pre-recorded message for a potential action in connection with *In re. Johnson & Johnson Talcum Powder Litigation.* In an effort to identify the caller, I spoke to an employee, whom I believe to be from Prime Marketing Source, who then sent me a retainer agreement naming Slater Slater Schulman LLP and Frekhtman & Associates as the firms responsible for these illegal calls.


I did not provide my consent to Prime Marketing Source, Slater Slater Schulman LLP, nor Frekhtman & Associates to make calls to me, and believe that your actions constitute illegal violations of the Telephone Consumer Protection Act. It is my understanding that according to the Telephone Consumer Protection Act ("TCPA"), it is illegal to make calls using an ATDS or an artificial or prerecorded voice to a telephone number, such as my number 215-725-1530, which is charged for the calls, without first obtaining my prior express written consent.


I am using this e-mail to revoke any purported consent you may continue to have to contact me, even though I contend that you never had consent to contact me. I am also using this e-mail to request a copy of your company's do-not-call policy.

Please forward to my attention all documents that evidence any purported consent to receive calls from your company, any other documents that support a claim that the calls placed to me were not illegal, as well as any other documents that support a claim that there is no relationship between the company that made the calls and your company, if that's your claim. Before I proceed with a formal claim, I wanted to give your company the opportunity to explain its actions.  Please forward this information to my attention by e-mail (andyperrong@gmail.com) or a USPS letter with an e-mail carbon copy by Friday, February 5, 2021.

Thank you kindly,
Andrew Perrong

1657 The Fairway #131
Jenkintown, PA 19046
215-791-6957
215-725-1530

# EXHIBIT B

Case 2:21-cv-00996-JS-AYS   Document 26   Filed 07/20/21   Page 17 of 40 PageID #: 127

 *Search* FREE

(215) 725-1...

 15) 725-1530

Reverse Phone Lookup  /  2  /  215  /  (215) 7  /  (215) 725  /  (215) 725-15  /  (215) 725-1530

---

**Details for phone number:**
**(215) 725-1530**

| | |
|---|---|
| Current Owner: | Ai Hui Guo |
| Previous Owners: | Brenda Jean Randle, Shanchun C Guo, Mingli Liu, Devin Jon Hotsko, Alam Manzoor |
| Type: | Landline |
| Carrier: | Verizon Pennsylvania Inc |
| Active: | Active |
| Reported: | 0 times |

View Full Background Report

**Full Background Report for Ai Guo**

Case 2:21-cv-00996-JS-AYS　　Document 26　　Filed 07/20/21　　Page 18 of 40 PageID #: 128

| | |
|---|---|
| *Arrest & Criminal Records - **Unlock!*** | 5　*Addresses & Phone Numbers* |
| *Misdemeanors & Felonies - **Unlock!*** | 0　*Email Addresses* |
| *Registered Sex Offender - **Unlock!*** | 39　*Family Members & Associates* |
| *Warrants & Police Records - **Unlock!*** | *Assets & Properties - **Unlock!*** |
| *Nationwide Court Records - **Unlock!*** | 0　*Business Records* |
| *Evictions & Foreclosures - **Unlock!*** | *Professional Licenses - **Unlock!*** |
| *Bankruptcies, Liens & Judgments - **Unlock!*** | *Public Records - **Unlock!*** |
| *Speeding Tickets - **Unlock!*** | *Birth & Death Records - **Unlock!*** |
| *Social Media Records - **Unlock!*** | *Marriage & Divorce Records - **Unlock!*** |
| *Domain Records - **Unlock!*** | *Workplace Records - **Unlock!*** |
| *DEA & FEIN Records - **Unlock!*** | |

Full Background Report - Unlock Now!

**Has this phone number been calling you?**

Report as Spam

**Aihui Alyssa Guo in Tucker, GA**

Case 2:21-cv-00996-JS-AYS   Document 26   Filed 07/20/21   Page 19 of 40 PageID #: 129

*also* **Ai Hui Guo**

Age    23 *(November 1997)*

*Home address, vacation, business, rental and apartment property addresses for Ai*
5716 Princeton Run Trl, Tucker, GA 30084  *-Current*
3728 W Esplanade S Ave, APT 207, Metairie, LA 70002
3728 Esplanade Ave, APT 207, Metairie, LA 70002

*Home telephone number and mobile/wireless/cell phone numbers for Ai*
(215) 725-1530 *-Current*         (770) 925-4589

*Spouse, partner, mother, father, sister, brother and ex-spouse/partner for Ai*
Shanchun C Guo SR          Carolyn Hawood Randle
Brenda J Randle            Luguan G Yan
Frank B Randle

*Friends, family, business associates and current/previous roommates for Ai*
Mingli Liu

More Free Details

**Reverse Phone Lookup Report** *PeopleFinders.com*

- ○ Identify Unknown Calls
- ○ Verify Phone Numbers
- ○ Previous Phone Owners
- ○ Contact Information
- ○ Identify Missed Calls
- ○ Phone Owner Addresses

View Phone Report

**Brenda Jean Randle in Saginaw, MI**

Age    66 *(September 1954)*

*Home address, vacation, business, rental and apartment property addresses for Brenda*
3991 Hermansau Dr, Saginaw, MI 48603  *-Current*
*2025 W Genesee Ave, Saginaw, MI 48602*
*4238 Harbour Towne Dr, APT 3, Saginaw, MI 48603*
*2113 Whittier St, Saginaw, MI 48601*
*2761 Woodlake SW Rd, APT RD, Wyoming, MI 49519*

*Home telephone number and mobile/wireless/cell phone numbers for Brenda*
(989) 753-1876  *-Current*        *(989) 790-0871*
*(215) 725-1530*                      *(770) 925-4589*
*(989) 753-0932*                      *(989) 755-4009*

*Spouse, partner, mother, father, sister, brother and ex-spouse/partner for Brenda*
Carolyn Hawood Randle        Frank B Randle
Ruth Onell Randle                Joy J Randle
Joy T Randle

*Friends, family, business associates and current/previous roommates for Brenda*
Raynelle Bryant                Abigail Lee Elwer
Brittney M Tanis                Christopher Yaochang Huang
David V Killewald

More Free Details

**Shan Chun Dr Guo in Philadelphia, PA**
   *also* **Shanchun C Guo**

Age    56 *(November 1964)*

*Home address, vacation, business, rental and apartment property addresses for Shanchun*

7930 Barnes St, APT A4, Philadelphia, PA 19111  *-Current*

*5716 Princeton Run Trl, Tucker, GA 30084*

*1400 NW 10th Ave, APT 1406, Miami, FL 33136*

*3728 Esplanade Ave, APT 207, Metairie, LA 70002*

*3669 River Heights SE Xing, Marietta, GA 30067*

*Home telephone number and mobile/wireless/cell phone numbers for Shanchun*

(786) 972-0022  *-Current*          (215) 725-1530

(770) 925-4589

*Spouse, partner, mother, father, sister, brother and ex-spouse/partner for Shanchun*

Aihui Alyssa Guo                Luguan G Yan

Liheng Guo                      Carolyn Hawood Randle

Brenda J Randle

*Friends, family, business associates and current/previous roommates for Shanchun*

Mingli Liu                      Elizabeth R Daly

Amina Elizabeth Posey           Bert Anthony Durant

Cathy M Dugan

More Free Details

**Ming Li Liu in Tucker, GA**
  *also* **Mingli Liu**

Age    55 *(November 1965)*

*Home address, vacation, business, rental and apartment property addresses for Mingli*
5716 Princeton Run Trl, Tucker, GA 30084  *-Current*
*10 Summer St, APT 904, Malden, MA 02148*
*3669 River Heights SE Xing, Marietta, GA 30067*
*3728 Esplanade Ave, APT 207, Metairie, LA 70002*
*507 Pleasant St, APT 105, Malden, MA 02148*

*Home telephone number and mobile/wireless/cell phone numbers for Mingli*
(786) 972-0021  *-Current*          *(305) 545-0682*
*(305) 324-6245*

*Spouse, partner, mother, father, sister, brother and ex-spouse/partner for Mingli*
Shi D An                    Wei Yang Cuiwei
Ping An                     Angela Z An
Shu An An

*Friends, family, business associates and current/previous roommates for Mingli*
Shanchun C Guo              Ai Hui Guo
Brenda J Randle

More Free Details

**Devin Jon Hotsko in Lehigh Acres, FL**

Age    50 *(April 1971)*

*Home address, vacation, business, rental and apartment property addresses for Devin*

2402 Concord N Ave, Lehigh Acres, FL 33971 *-Current*

*107 Edward Ave, Lehigh Acres, FL 33936*

*132 Circle Dr, Fort Myers, FL 33905*

*1425 NW 8th Pl, Cape Coral, FL 33993*

*3971 Buckingham Rd, Fort Myers, FL 33905*

*Home telephone number and mobile/wireless/cell phone numbers for Devin*

(267) 202-3076 *-Current*            *(215) 612-1057*

*(267) 625-8979*                        *(239) 542-0629*

*(215) 342-3492*                        *(215) 725-1530*

*(239) 772-1652*                        *(215) 725-7150*

*Spouse, partner, mother, father, sister, brother and ex-spouse/partner for Devin*

Rachael D Hotsko                  John D Hotsko

Cassandra K Hotsko              Maria C Samano

Ricardo P Samano

*Friends, family, business associates and current/previous roommates for Devin*

Philip J Plotcher                   Laura D Mozelesky

Timothy J Valecce                Christine A Nelson

Michael J Burg

More Free Details

## Manzoor Alam in Felton, DE
###    *also* Alam Manzoor

Age    76 *(January 1945)*

*Home address, vacation, business, rental and apartment property addresses for Alam*

12388 S Dupont Hwy, Felton, DE 19943  *-Current*

*500 Fairnest Ct, Dover, DE 19904*

*37 Waterwheel Cir, Dover, DE 19901*

*12374 S Dupont Hwy, Felton, DE 19943*

*828 Rr 1, Felton, DE 19943*

*Home telephone number and mobile/wireless/cell phone numbers for Alam*

(302) 284-3385  *-Current*      (302) 284-3380

(302) 359-2383              (302) 653-8759

(215) 725-1530

*Spouse, partner, mother, father, sister, brother and ex-spouse/partner for Alam*

Joyce M Alam            Shazia M Smith

Michael G Gruden       Jane Samera Alam

Carl L Smith

*Friends, family, business associates and current/previous roommates for Alam*

Wayne V Johnson        Mamie G Godwin

Ella Jane Ratledge        Franklin H Simmons

Linda J Johnson

*S/C corporations, partnerships, limited liability corporations (LLC) for Alam*

PAK AMERICAN CHRISTIAN CONGRESS INC

More Free Details

## Devin Jon Hotsko in Lehigh Acres, FL- *Sponsored by*

Case 2:21-cv-00996-JS-AYS   Document 26   Filed 07/20/21   Page 25 of 40 PageID #: 135

### *BeenVerified.com*

Age    50

*Home address, vacation, business, rental and apartment*
*property addresses for Devin*
Lehigh Acres, FL 33971 -*Current*
*Fort Myers, FL 33901*
*Langhorne, PA 19053*
*Langhorne, PA 19047*
*Temecula, CA 92592*
*Philadelphia, PA 19134*

More Details

---

### Brenda Jean Randle in Saginaw, MI- *Sponsored by TruthFinder.com*

Age    66

*Home address, vacation, business, rental and apartment*
*property addresses for Brenda*
Saginaw, MI 48603 -*Current*
*Oakland, CA 94609*
*Saginaw, MI 48602*
*Oakland, CA 94603*
*Grand Rapids, MI 49503*
*Oakland, CA 94610*

More Details

---

### Brenda Jean Randle in Saginaw, MI- *Sponsored by PeopleLooker.com*

Age    66

*Home address, vacation, business, rental and apartment property addresses for Brenda*

Saginaw, MI 48603 *-Current*
*Grand Rapids, MI 49503*
*Saginaw, MI 48602*
*Oakland, CA 94603*
*Oakland, CA 94610*
*Saginaw, MI 48601*

More Details

**Brenda Jean Randle in Saginaw, MI-** *Sponsored by InstantCheckmate.com*

Age    66

*Home address, vacation, business, rental and apartment property addresses for Brenda*

Saginaw, MI 48603 *-Current*
*Grand Rapids, MI 49519*
*Saginaw, MI 48603*
*Grand Rapids, MI 49503*
*Oakland, CA 94603*
*Tucker, GA 30084*

More Details

**Common Questions About (215) 725-1530**

- Who is the current owner of the phone number (215) 725-1530?

The current owner of (215) 725-1530 is Ai Hui Guo.

- Who were the previous owners of the phone number (215) 725-1530?

ABOUT US

O   our search tools and algorithms provide you with the fastest, most reliable results to get your work done. Whether you are finding friends, lost loved ones,

OUR SPECIAL OFFERS

FREE people searching

FREE reverse phone searching

RESOURCES

About

Privacy

Terms

Case 2:21-cv-00996-JS-AYS   Document 26   Filed 07/20/21   Page 27 of 40 PageID #: 137

family members or old school mates. SearchPeopleFREE is your #1 FREE data resource. Give us a try!

The previous or owners of (215) 725-1530 address are changing Randle, Shantaub C Guo, Meghi, Oxler Denis Ito-ko, Alam Manzoor.

FREE email searching

**Language:**

- Español

- Is phone number (215) 725-1530 a wireless or landline number?

  The phone number (215) 725-1530 is a landline number.

- What phone company or carrier supports phone number (215) 725-1530?

  The company or carrier that controls the service for the phone number (215) 725-1530 is Verizon Pennsylvania Inc.

SearchPeopleFREE © 2021

Last Names

A    B    C    D    E    F    G    H    I    J    K    L    M    N
O    P    Q    R    S    T    U    V    W    X    Y    Z

- Is phone number (215) 725-1530 currently active or disconnected?

  The phone number (215) 725-1530 is currently active.

- Has the phone number (215) 725-1530 been reported for any spam complaints?

  The phone number (215) 725-1530 has not been reported for any spam activity. Would you like to report the phone number (215) 725-1530?

2XX    3XX    4XX    5XX    6XX    7XX    8XX    9XX

*SearchPeopleFREE.com is not a Consumer Reporting Agency (CRA) as defined by the Fair Credit Reporting Act (FCRA). This site can't be used for employment, credit or tenant screening, or any related purpose.*

Case 2:21-cv-00996-JS-AYS   Document 26   Filed 07/20/21   Page 28 of 40 PageID #: 138

**≡Nuwber**

PERSON   PHONE   ADDRESS

First and Last Name
Shanchun C Guo

City, State
Philadelphia, PA

🔍

LOG IN

# Shanchun C Guo
## from Philadelphia, PA

VIEW FULL REPORT

**Age:** 56 years old

**Also known as:** Shanchun Guo, Shanchun C Guo

Landline number
**(215) 725-1530**

Current address
**7930 Barnes St, Apt A12, Philadelphia, PA, 19111-2258**

Mobile number

ADS VIEW CURRENT NUMBER



SHOW ON MAP

Email
**guo@fccc.edu**
**s_guo@fccc.edu**
**scguo@cs.com**
**scguo@epix.net**
**scguo@hotmail.com**
**scguo@wmconnect.com**

### TABLE OF CONTENTS

Summary

Personal Info

Phone Numbers

Addresses

Neighbors

Associates

FAQ

Control Your Listing

### MORE RESULTS FROM
🟢 truthfinder

**Shanchun C Guo**
Age 56 * Philadelphia, PA

**Shanchun Guo**
Philadelphia, PA

VIEW ALL RESULTS

Shanchun C Guo, (215) 725-1530, 7930 Barnes St, Philadelphia, PA | N...        https://nuwber.com/person/563a888098f8a849c1f7fc0a

Case 2:21-cv-00996-JS-AYS   Document 26   Filed 07/20/21   Page 29 of 40 PageID #: 139



Nuwber

First and Last Name

City, State

LOG IN

in PA

## MORE ABOUT SHANCHUN C GUO

ADS   Sponsored by Truthfinder

Address History

Public Records

Driving Records

Social Profiles

Court Records

Background Reports

## VIEW EMAIL AND SOCIAL PROFILES FOR SHANCHUN C GUO

Name

Age

Location

Contact

**Shanchun C Guo**

56

Philadelphia, PA

VIEW DETAILS

## FACT FILE

SHANCHUN C GUO

UNKNOWN OCCUPATION
PENNSYLVANIA, PA 191

22

Check out **Shanchun C Guo**'s fact file.
Feel free to download and print.



**PERSONAL INFO**

UNLOCK FULL INFO

Horoscope
**Scorpio**

Gender
UNLOCK

Born
**November 2, 1964**

Occupation
UNLOCK

Marital status
**Single**

**PHONE NUMBERS**

VIEW MORE NUMBERS

Phone number

Type

Dates seen

Associated people

**(215) 725-1530**

Landline

2004-2020

**Manzoor Alam** (2016)



**PERSON**   PHONE   ADDRESS

**=Nuwber**

LOG IN

## ADDRESS

UNLOCK FULL INFO

Current address
**7930 Barnes St, Apt A12, Philadelphia, PA, 19111-2258**

Home type
**Multiple Family Dwelling Unit**

## PAST ADDRESSES

UNLOCK FULL INFO

Previous address

Period of residence

Apt A12, Philadelphia, PA, 19111-2258

2019

7930 Barnes St, Philadelphia, PA, 19111-2258

2016–2019

7930 Barnes St, Apt A4, Philadelphia, PA, 19111-2257

2012–2018

SHOW MORE



**Nuwber**

PERSON     PHONE     ADDRESS

First and Last Name     |     City, State     |     🔍     |     LOG IN

## RECORDS FOUND FOR SHANCHUN GUO

ADS  Sponsored by Truthfinder

| Name | Age | Location | Relatives | |
|------|-----|----------|-----------|--|
| **Shanchun C Guo** | 56 | Philadelphia, PA | Alyssa Aihui Guo<br>Haitao Guo<br>Ju Tao Guo<br>Liheng Guo<br>Ping Guo | THAT ONE |
| **Shanchun Guo** | - | Philadelphia, PA | - | THAT ONE |
| MORE RESULTS | | Philadelphia, PA | | VIEW DETAILS |

### NEIGHBORS FOR SHANCHUN C GUO

UNLOCK FULL INFO

| **Danie L Breen**<br>7919 Barnes St | **Terrence Ohanlon**<br>7918 Barnes St |
|---|---|
| **John J Di Marco**<br>7918 Barnes St | **Agnes P Mullin**<br>7921 Barnes St, Apt 1ST |

SHOW MORE

### ASSOCIATES

UNLOCK FULL INFO

| **Angelos Maria Delos Cruz**<br>Philadelphia, PA | **John T Russell**<br>Philadelphia, PA |
|---|---|
| **Genze Shao**<br>Huntingdon Valley, PA | **Andrew V Ferrero**<br>Philadelphia, PA |

SHOW MORE



PERSON    PHONE    ADDRESS

**≡Nuwber**

| First and Last Name | | City, State | | 🔍 | | LOG IN |

| Shanchun C Guo | PA | **Court Records** | VIEW REPORT |
| Shanchun C Guo | PA | **Driving Records** | VIEW REPORT |
| Shanchun C Guo | PA | **Background Report** | VIEW REPORT |

Home ⟩ States ⟩ PA ⟩ Philadelphia ⟩ 7930 Barnes St ⟩ Shanchun C Guo

BROWSE **SOCIAL MEDIA PROFILES OF SHANCHUN GUO**                    UNLOCK FULL INFO
BY
PEOPLE

Linkedin                    Facebook

What
Do
you
know
the
Shanchun
Guo's
of
Guo's
and
phone
exnumber?
age
of
Shanchun
C
Copyright
Guo?
2021
Nuwber,
Inc.
This
website
is
not
affiliated
with
the
BROWSE
United
BY

Shanchun C Guo, (215) 725-1530, 7930 Barnes St, Philadelphia, PA | N...          https://nuwber.com/person/563a888098f8a849c1f7fc0a

**Ξ Nuwber**

PERSON   PHONE   ADDRESS

First and Last Name                City, State                        🔍

LOG IN

BY
PHONE

What
do
I do
Shanchun
to
Get
Guo's
to
current
residential
with
address?
Shanchun
C
Guo
by
email?

SHOW
MORE

What
are
lives
Shanchun
C
Close
Guo's
Proximity
to
previous
residential
Shanchun
addresses?
C
Guo?

SHOW
MORE
SHOW
MORE

Who
Where
has
does
lived
Shanchun
C
Guo

≡ Nuwber

First and Last Name

City, State

🔍

LOG IN

States government

**CONTROL**

**YOUR**

**LISTING**

Are you Shanchun C Guo? Don't feel comfortable with your info on our site?

We respect your choice to stay private.

Nuwber opt out is simple and quick.

Follow our video instructions to remove your listing.

any federal & state government agency based on the place of work or residence.

What are people searching for Shanchun C Guo?

SHOW MORE

Are there any other people named Shanchun C Guo living in the same area?

NUWI

OPT OUT

≡Nuwber

First and Last Name

City, State

🔍

LOG IN

a
consumer
reporting
agency
as
defined
by
the
Fair
Credit
Reporting
Act
(FCRA)
and
we
do
not
provide
consumer
reports.
This
website
shall
not
be
used
to
make
credit
decisions,
credit
granting
or
denial,
credit
monitoring,
account
reviews,
insurance
underwriting,
employment
or
housing
decisions,
tenant
screening,
or
any
for
purpose
protected
under
the
FCRA.
Nuwber
reports
contain
information
obtained
from
federal,
state,
and
local
government
agencies.
As
such,
the
information
may
not
always
be
100%
accurate,
complete,

**≡Nuwber**

PERSON   PHONE   ADDRESS

First and Last Name

City, State

🔍

LOG IN

or
up
to
date.
Nuwber
does
not
make
any
representation
or
warranty
about
the
accuracy
of
the
information.

Case 2:21-cv-00996-JS-AYS    Document 26    Filed 07/20/21    Page 38 of 40 PageID #: 148

🔍        People Search        **Phone Search**

🏠 › Phone Search

## 2157251530 # Who is calling from 215-725-1530?

Search by name or phone number                                        🔍

# Shanchun Guo    `Exact Match`

📇Current Address: 7930 Barnes St, Philadelphia, PA. 19111

📞 Phone: 2157251530

📳 Link: Call now 2157251530

📍 Show on map: View on Google maps

## More Results For: **Shanchun Guo**

*The data shown comes from public sources. If you want to delete or modify information please use our Editing tool.

Case 2:21-cv-00996-JS-AYS    Document 26    Filed 07/20/21    Page 39 of 40 PageID #: 149

🔍     People Search     **Phone Search**



Your experience or question about this number

**Share with:**

  

Name

Be the first to comment.

# Address records
## 7930 Barnes St, Philadelphia, PA. 19111

A. Galbreath (🔗 2157221347)

Lavmichael Respass (🔗 2157252657)

M. Respass (🔗 2157252657)

Peta Robinson (🔗 2157452674)

Peta Gaye Robinson Mcfarland (🔗 2157452674)

Petagaye Robinson (🔗 2157452674)

R. Zhang (🔗 2156352545)

*The data shown comes from public sources. If you want to delete or modify information please use our Editing tool.

Case 2:21-cv-00996-JS-AYS   Document 26   Filed 07/20/21   Page 40 of 40 PageID #: 150

People Search   **Phone Search**



- **Company:** VERIZON PENNSYLVANIA, INC.
- **Type:** RBOC
- **Rate Center:** PHLDLPHZN4
- **OCN code:** 9208
- **CLLI:** PHLAPAPIDS0
- **Lata code:** 228
- **Coordinates:** 40.0605, -75.0847

Show More Results For: **215-725-1530**

Search by name or phone number

🏠 Home
🔑 Login
🗑 Removal
📄 Privacy
🔗 Sitemap


2021 All rights reserved

Follow us:

