IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREW PERRONG, individually and on behalf of all others similarly situated, | : <br> : Civil File No. 2:21-cv-00996-JS-AYS <br> : |
| Plaintiff, | : <br> : |
| v. | : <br> : |
| CHARLES BARATTA LLC, a New York limited liability company, SLATER SLATER SCHULMAN LLP, a New York limited liability partnership, ARKADY FREKHTMAN ATTORNEY AT LAW, P.C. d/b/a FREKHTMAN & ASSOCIATES, a New York professional corporation, FLEMING NOLEN & JEZ LLP, a Texas limited liability partnership, and LAW OFFICE OF COHEN & JAFFE, LLP, a New York limited liability partnership | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : |

**PLAINTIFF'S OPPOSITION TO THE MOTION
TO APPEAR *PRO HAC VICE* OF JOSHUA THOMAS**

"The authority of federal courts to disqualify attorneys derives from their inherent power to preserve the integrity of the adversary process." *Hempstead Video, Inc. v. Inc. Vill. of Valley Stream,* 409 F.3d 127, 132 (2d Cir. 2005) (cleaned up). "District courts have broad discretion to disqualify attorneys." *Ritchie v. Gano*, No. 07 Civ. 7269 (VM)(JCF), 2008 U.S. Dist. LEXIS 67770, at *2 (S.D.N.Y. Sept. 8, 2008).

When determining whether disqualification of counsel is appropriate, the Court must "balance a client's right to freely choose his [or her] counsel against the need to maintain the highest standards of the profession." *Hempstead*, 409 F.3d at 132 (cleaned up). However, "any doubt" with respect to whether disqualification should be ordered "is to be resolved in favor of

disqualification." *Nimkoff Rosenfeld & Schechter, LLP v. RKO Props., Ltd.*, No. 07 Civ. 7893 (DAB)(HBP), 2014 U.S. Dist. LEXIS 38655, at *16 (S.D.N.Y. Mar. 24, 2014).

Mr. Thomas's failure to submit an affidavit that complies with Local Civil Rule 1.3 with his *pro hac vice* motion, and the clear efforts that he took to try to hide from this Court information about numerous sanctions and pending sanctions proceedings against him, including two for lying to federal courts in Pennsylvania and New Jersey, should prevent him from appearing in this action. Indeed, as one Court has remarked, "as a rule, the Court is honored to share a profession with the lawyers who appear before it. Then there is Joshua Thomas." *Jacovetti L., P.C. v. Shelton*, No. 2:20-CV-00163-JDW, 2020 WL 1491320, at *1 (E.D. Pa. Mar. 27, 2020).

1. **Mr. Thomas' Affidavit Does Not Comply with Local Civil Rule 1.3**

Mr. Thomas has submitted an affidavit in support of his motion to appear *pro hac vice*. *See* ECF No. 25. However, his affidavit does not comply with the requirements of this Court. Local Civil Rule 1.3, in relevant part, states:

> **Local Civil Rule 1.3. Admission to the Bar**
>
> …
>
> (c) A member in good standing of the bar of any state or of any United States District Court may be permitted to argue or try a particular case in whole or in part as counsel or advocate, upon motion (which may be made by the applicant) and (1) upon filing with the Clerk of the District Court a certificate of the court for each of the states in which the applicant is a member of the bar, which has been issued within thirty (30) days of filing and states that the applicant is a member in good standing of the bar of that state court, and an affidavit by the applicant stating (a) whether the applicant has ever been convicted of a felony, **(b) whether the applicant has ever been censured, suspended, disbarred or denied admission or readmission by any court, (c) whether there are any disciplinary proceedings presently against the applicant** and (d) the facts and circumstances surrounding any affirmative responses to (a) through (c).

1

*See* Local Civil Rule 1.3(c) (emphasis added). Conspicuously absent from Mr. Thomas's affidavit is any such statement regarding if he "has ever been censured, suspended, disbarred or denied admission or readmission by any court, (c) whether there are any disciplinary proceedings presently against the applicant" *Id.* Instead, Mr. Thomas carefully chooses his words, stating that "[d]uring the pendency of this action, I will notify the court immediately if any actions are instituted against me affecting my standing with the bar of any state." ECF No. 25 at *2.

**2. The Failure to Comply with Local Civil Rule 1.3 is no Oversight, as Mr. Thomas has had Multiple Censures, Including one Last Month that Required him to Submit the Decision to this Court, which he failed to do.**

It is incredibly unlikely that the failure of Mr. Thomas to include the required language was an accident as there is a material difference between what he decided to say and what is required. Indeed, Mr. Thomas has been the subject of multiple censures and disciplinary proceedings, including by federal courts in Pennsylvania and New Jersey, as well as the Third Circuit Court of Appeals. For example, in *Taggart v. Deutsche Bank National Trust Company, et. al.*, Civil Action No. 20-cv-5503, (E.D. Pa. June 3, 2021), ECF No. 63, attached as Exhibit 1, the Court sanctioned Mr. Thomas and held:

> Taggart's frivolity has often been aided and abetted by Joshua Thomas, a lawyer who has drawn increasing scrutiny, criticism and sanction from our Court, other district courts and the Third Circuit Court of Appeals. Thomas's conduct in this case earns him further sanctions.
>
> . . . .
>
> **Thomas must provide a copy of this Memorandum, the corresponding Order and the transcript of the Show Cause Hearing to the disciplinary committee for every state bar and every federal court to which he is admitted. He shall also provide these materials to all judges presiding over any pending proceeding in which he is involved**— notably Judge Hillman in the District of New Jersey who just last year ordered Thomas to show cause why he should not be referred to the Chief Judge for discipline. *Edwards v. Wells Fargo Bank N.A.*, No. 19-cv-14409, ECF 7. A hearing on that order is currently scheduled for June 15. *Id.*, ECF 23. Thomas must then file a sworn statement and proof of delivery of these

2

> materials with the Court. The Court will also forward this Memorandum Opinion and the accompanying Order to the Court's Disciplinary Committee for its review.
>
> When the Third Circuit sanctioned Thomas earlier this year, it rightly observed that "[t]he practice of law is challenging, and even the best lawyers make mistakes from time to time." *Conboy*, 992 F.3d at 158. The Court is privileged to have practice before it diligent, honest, hard-working and talented attorneys who advocate zealously and in good faith for their clients. Joshua Thomas is not one of them. The Court does not levy sanctions lightly—even against a lawyer like Thomas.

*Id.* (emphasis added). Again, this was no mere oversight as the Order was entered just a little more than a month prior to Mr. Thomas's motion. Moreover, this is not the only censure or disciplinary proceeding Mr. Thomas has been subjected to. *See, e.g.*, *Edwards v. Wells Fargo Bank N.A.*, No. 19-cv-14409 (D. N.J. filed Jun. 27, 2019); *Jacovetti L., P.C. v. Shelton,* No. 2:20-cv-00163-JDW, 2020 U.S. Dist. LEXIS 88549, at *1 (E.D. Pa. May 20, 2020) ("Joshua Thomas does not want this Court's decision sanctioning him to stand. That much the Court understands. What the Court does not understand are the arguments Thomas makes to support his reconsideration motion. Thomas ignores the notice that he received about the sanctions, he ignores the Court's analysis in sanctioning him, and he conflates the publicity about the Court's prior order with the sanctions themselves. The Court can best describe Thomas's arguments with one word: "Nonsense." The Court will not reconsider its prior order.").

Indeed, three weeks after the sanction in *Taggart*, Mr. Thomas was sanctioned again in *Keyes v. Nationstar Mortg., LLC*, No. 1:20-cv-02649 (NLH)(KMW), 2021 U.S. Dist. LEXIS 121635, at *20-21 (D.N.J. June 28, 2021), which discussed a series of recent sanctions against Mr. Thomas, including one from the Third Circuit Court of Appeals:

> As described above, Mr. Thomas was sanctioned by this Court in October 2020 for multiple reasons, but most centrally because he had pursued clearly frivolous claims and in doing so had repeatedly missed deadlines, failed to oppose certain

3

motions, and then filed a brief that was almost entirely identical to a previous brief he had filed in this same action. Rather than taking this Court's prior imposition of sanctions against him — rather than his client — as a clear sign that his actions were unprofessional, inappropriate, and beyond what this Court would permit or excuse from the lawyers practicing before it, Mr. Thomas apparently viewed those sanctions as an invitation to do the exact same thing all over again…

What is clear, however, is the fact that any even remotely competent attorney would have known, with only the most cursory review and research, that this motion and the brief supporting it are so clearly frivolous and lacking in any substantive argument or value that the simple act of filing them would be a violation of the Federal Rules of Civil Procedure in and of itself. While at no stage in this action has Mr. Thomas provided evidence that he is a competent attorney, the Court simply does not believe that he, in good faith, thought that merely changing the order of the paragraphs in a brief that he had already filed twice — and which had already been rejected and gotten him sanctioned — could result in a positive outcome for his client…

Not yet satisfied with the sanctions he had earned in those four cases, nor with the sanctions imposed by this Court in its October 16, 2020 Order, Mr. Thomas decided to take his show to yet another venue, specifically the Court of Appeals for the Third Circuit. Just three months ago, in *Conboy v. United States Small Business Administration*, 992 F.3d 153 (3d. Cir. 2021), the Third Circuit sanctioned Mr. Thomas for doing the exact same thing he was sanctioned for here: filing copied-and-pasted briefs. Judge Hardiman, writing for the Third Circuit panel, found that Mr. Thomas 'simply took the summary judgment section of his District Court brief and copied and pasted it into his appellate brief, with minor changes such as swapping 'Defendant' for 'Appellee.' *Id.* at 157.

And that was not all: after the Appellees there filed a motion requesting the Third Circuit grant them damages due to the filing of a frivolous appeal, the Court realized that "counsel's response to [Appellee's] motion for damages under Rule 38 of the Federal Rules of Appellate Procedure is yet another copy-and-paste job. Counsel copied [his] previous opposition to sanctions in the District Court under Civil Rules 11 and 37 — with only insignificant alterations and additions." *Id.* at 158. Faced with such clear misconduct and the related lack of any non-frivolous basis for the appeal, the Third Circuit dismissed the appeal and granted the motion for sanctions, stating that "[i]t's not easy to become a lawyer. The practice of law is challenging, and even the best lawyers make mistakes from time to time. So we err on the side of leniency toward the bar in close cases. But the copy-and-paste jobs before us reflect a dereliction of duty, not an honest mistake."…

In fact, just a cursory Westlaw search for Mr. Thomas's name turns up even more courts in this Circuit specifically noting his professional failings and repeatedly unacceptable behavior. *See, e.g., Lapensohn v. Hudson City Savings Bank*, No. 19-4576-KSM, 2021 U.S. Dist. LEXIS 77160, 2021 WL 1581402, at *15 n. 18 (E.D.

4

Pa. Apr. 21, 2021) ("The Court appreciates M&T Bank Corp.'s understandable frustration with Plaintiff's counsel. And we acknowledge that multiple judges in this and other Districts have sanctioned Mr. Thomas for similar conduct. However, in this case, we cannot say that his actions are the result of willful bad faith, as opposed to ignorance. For that reason, although Mr. Thomas's efforts have been far from laudable, we decline to sanction him at this time. Mr. Thomas is, however, warned that ignorance will not provide a defense in the future."); *Meyers v. Caliber Home Loans, Seterus, Inc.*, No. 1:19-cv-596, 2019 U.S. Dist. LEXIS 156585, 2019 WL 4393377, at *10 n.26 (M.D. Pa. Sept. 13, 2019) ("We acknowledge that such woefully insufficient pleading and other abusive tactics are not unusual for Plaintiffs' counsel Joshua Thomas . . . and we caution him, as did our sister Court, that continued use of such poorly prepared filings and disregard for lack of subject matter jurisdiction and other court Rules may result in an Order to Show Cause as to why discipline should not be imposed and as to why he should not be enjoined from further filings in this Court as well. We are deeply troubled that Plaintiffs' counsel would so recklessly and cavalierly accuse various Defendants of fraud and misrepresentation in such a conclusory and unsubstantiated manner."); *Owens v. Seterus, Inc.*, No. 18-3383, 2019 U.S. Dist. LEXIS 231998, 2019 WL 9101982, at *2 (E.D. Pa. Feb. 26, 2019) ("I remind Plaintiff and his Counsel [Mr. Thomas] that frivolous claims or those made in bad faith could result in the imposition of sanctions."); *Akinsanmi v. Nationstar Mortgage*, No. 3:16-cv-07732-MAS-TJB, ECF No. 43 at 3 n.2, 2018 U.S. Dist. LEXIS 6103, *4 (D.N.J. Jan. 12, 2018) ("Plaintiff's counsel [Mr. Thomas] has repeatedly disregarded the Orders of this Court and the Federal Rules of Civil Procedure throughout this entire action . . . . Further disregard for the rules may result in an Order to Show Cause as to why discipline should not be imposed against counsel."); *Bounasissi v. New York Life Ins. and Annuity Corp.*, No. 15-7585 (JBS/JS), 2016 U.S. Dist. LEXIS 120328, 2016 WL 4697333, at *1 n.2 (D.N.J. Sept. 6, 2016) ("The Court explicitly brought Plaintiffs' pleading deficiency to the parties' attention in the March 4, 2016 Memorandum Opinion . . . yet Plaintiffs' counsel, Joshua Thomas, Esq., failed to even attempt to cure the deficiency. This is the third time Mr. Thomas has ignored his basic obligations under the Federal Rules of Civil Procedure in this case.").

*Keyes v. Nationstar Mortg., LLC*, No. 1:20-cv-02649 (NLH)(KMW), 2021 U.S. Dist. LEXIS 121635, at *34-35 and *38-40 (D.N.J. June 28, 2021).

3. **This Risk of Admitting Mr. Thomas has Already Become Apparent as he has Claimed to Represent a Party who Affirmatively Disavowed that he Represents them.**

As will be covered in the forthcoming response to the motion to dismiss (ECF No. 26), Mr. Thomas signed and filed a motion to dismiss on behalf of three defendants despite the fact

5

that: (1) two of the three clients were in default (ECF Nos. 10 and 18) and (2) he failed to comply with this Court's pre-motion letter requirements. However, a far more serious malfeasance has occurred. Mr. Thomas has filed a motion to dismiss on behalf of a defendant, Slater Slater Schulman LLP, *who has repeatedly stated they are not represented by him*.

First, Mr. Thomas served a copy of the motion he intended to file along with a letter that he labeled as a "Cease and Desist…Rule 11 letter."[1] In connection with that correspondence, he indicated on June 7, 2021 that he represented all of the defendants.

He did not. Counsel for the Plaintiff were actively involved in settlement discussions with Slater Slater Schulman LLP at that time. They had previously indicated they were unrepresented. Counsel for the Plaintiff inquired with Slater Slater Schulman LLP if that had changed. Their response on June 10, 2021, "That's news to me. I don't believe I have a relationship with Mr Thomas." Email chain attached hereto as Exhibit 2.

To make matters worse, the pattern of filing pleadings on behalf of parties with whom Mr. Thomas has no relationship is nothing new for him, nor can such filing be attributed to a simple, singular error. Thomas has previously filed pleadings on behalf of Plaintiffs who *never agreed* to have Thomas represent them. For instance, in *Edwards v. Wells Fargo Bank, NA*, the Plaintiff "wrote this Court expressing that he had only recently learned of this action, that the filing of this action in his name 'has not been approved[,]' that he had never met or spoken with Thomas, and that he never authorized Thomas to represent him in this action." No. 1:19-cv-14409-NLH-SAK (D.N.J. July 28, 2021). Proceedings against Mr. Thomas for possible disciplinary action in the District of New Jersey are currently pending because of Mr. Thomas'

---

[1] The letter did not comply with Fed. R. Civ. P. 11(c)(2).

conduct in that matter. Like the other disciplinary actions, they were not disclosed in his affidavit.

After Slater Slater & Schulman confirmed that they were not represented by Mr. Thomas, none of the parties heard from Mr. Thomas again until July 20, 2021, when the motion to dismiss was filed. In the interim, the Plaintiff and Slater Slater Schulman LLP were working on finalizing a settlement. However, when Mr. Thomas filed the motion to dismiss, purportedly on behalf of Slater Schulman LLP, counsel for the Plaintiff again inquired if they were represented and received the same response:

"Does Josh Thomas/Ambrose Wotorson represent you?"

"No he does not."

Email attached hereto as Exhibit 3.

As regrettable as it is for this Court to deny the privilege to practice *pro hac vice*, neither the Plaintiff, putative class, nor the Court should have to expend resources in responding to Mr. Thomas' unprofessional, unethical, and obstructive conduct as opposed to responding to legitimate legal arguments. An attorney who is filing motions on behalf of a party without their consent, that has repeatedly stated that the attorney does not represent them, should not be permitted to practice in this Court. Such conduct in this matter is deceptive, if not downright fraudulent.

## CONCLUSION

For the foregoing reasons, the Plaintiff opposes the admission *pro hac vice* of Joshua Thomas.

Dated: July 22, 2021　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s/ Avi R. Kaufman*
　　　　　　　　　　　　　　　　　　　　KAUFMAN PA

7

        Avi R. Kaufman
        400 Northwest 26th Street
        Miami, Florida 33127
        305-469-5881
        kaufman@kaufmanpa.com

        PARONICH LAW, P.C.
        Anthony I. Paronich
        350 Lincoln St., Suite 2400
        Hingham, MA 02043
        617-485-0018
        anthony@paronichlaw.com

*Attorneys for Plaintiff and proposed class*