

WWW.RIVKINRADLER.COM

477 Madison Avenue
New York, NY 10022-5843
T 212.455.9555  F 212.687.9044

**JONATHAN B. BRUNO**
PARTNER
(212) 455-9554
jonathan.bruno@rivkin.com

October 21, 2021

**VIA ECF**

Judge Joanna Seybert
United States District Court
100 Federal Plaza, Courtroom 1030
Central Islip, New York 11722

    Re:  *Perrong v. Charles Baratta LLC et al.*
          Case No.: 2-21-cv-00996-JS-AYS
          RR File No.: 2788-12

Dear Judge Seybert:

    We represent defendant Fleming Nolen & Jez, LLP (hereinafter, "Fleming Nolen") in the above-referenced matter. We submit this letter to renew Fleming Nolen's request for a pre-motion conference regarding our anticipated motion to dismiss the Third Amended Complaint.

    This case arises out of a series of phone calls Plaintiff – who has filed over eighty (80) Telephone Consumer Protection Act (TCPA) lawsuits – allegedly received from co-defendant Charles Baratta LLC d/b/a Prime Marketing Source (hereinafter, "Prime Marketing"), including a single call that Plaintiff claims was made on behalf of Fleming Nolen.

    This case must be dismissed because the Court does not have personal jurisdiction over Fleming Nolen, a Texas law firm. The Supreme Court has recognized two types of personal jurisdiction – general jurisdiction and specific jurisdiction. *See Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1780 (2017). "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so "continuous and systematic" as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (U.S. 2011); *see also Daimler AG v. Bauman*, 571 U.S. 117, 137-139 (2014).

66 South Pearl Street, 11th Floor
Albany, NY 12207-1533
T 518.462.3000 F 518.462.4199

25 Main Street
Court Plaza North, Suite 501
Hackensack, N J  07601-7082
T 201.287.2460 F 201.489.0495

2649 South Road
Poughkeepsie, NY 12601-6843
T 845.473.8100 F 845.473.8777

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

RIVKIN RADLER LLP

October 21, 2021
Page 2

Fleming Nolen is a law firm incorporated in Texas whose primary place of business is in Texas. Fleming Nolen did not handle any cases in New York at any time relevant to this action,[1] has never employed anyone in New York, has never owned a telephone number or address in New York, has never leased property in New York, and none of Fleming Nolen's attorneys are admitted to the New York State Bar. Further, while Fleming Nolen has a few contracts with service providers in New York State, such as with vendors and legal publications, such contracts do not constitute such continuous and systematic contacts as to make Fleming Nolen "at home" in New York. *See Daimler*, 571 U.S. at 138-139.

Moreover, the Court lacks specific jurisdiction over Fleming Nolen because this suit does not arise out of Fleming Nolen's contacts with the State of New York. *See Bristol-Myers Squibb Co.*, 137 S. Ct., at 1780 (2017). "In order for a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State.'" *Id* at 1781, *quoting Goodyear*, 564 U.S., at 919. "For specific jurisdiction, a defendant's general connections with the forum are not enough. As we have said, a corporation's continuous activity of some sorts within a state is not enough to support the demand that the corporation be amenable to suits unrelated to that activity." *Id* (internal citations omitted).

Here, the Complaint does not allege any action by Fleming Nolen within New York, let alone any continuous activity in New York. Though the Complaint alleges that Reliable Marketing, a Florida company, hired Prime Marketing, a New York company, to originate new customers for Fleming Nolan, this is not true and is insufficient to create personal jurisdiction over Fleming Nolan. Fleming Nolen has no relationship whatsoever with co-defendants Prime Marketing or Reliable Marketing. Fleming Nolan never hired them and certainly did not control these two entities who Fleming Nolen never even heard of Prime Marketing until this lawsuit. Conclusory allegations that a party is acting as an "agent" of another are insufficient and are subject to dismissal. *See First Capital Asset Mgmt., Inc. v. Brickellbush, Inc.*, 218 F. Supp. 2d 369, 395 (S.D.N.Y. 2002) (granting motion to dismiss for lack of personal jurisdiction because plaintiffs advanced only conclusory assertions of control by a defendant over her putative agent without underlying support of any "specific factual allegations"). Thus, the Court lacks specific jurisdiction over Fleming Nolen. As the Court has neither general nor specific jurisdiction over Fleming Nolen, the Third Amended Complaint must be dismissed.

---

[1] Though Fleming Nolen has, in the past, appeared *pro hac vice* in cases pending in New York State, courts in this Circuit have consistently found that this is insufficient to confer personal standing. *See Broadcast Marketing Corp. v. Johnston*, 1991 U.S. Dist. LEXIS 15453, *9 (S.D.N.Y. 1991); *Jenkins v. Miller*, 20917 U.S. Dist. LEXIS 39276, *35-36 (D. Vt. 2017); *Irwin v. Mahnke*, 2006 U.S. Dist. LEXIS 25906, *11, n. 3 (D. Conn. 2006).

RIVKIN RADLER LLP

October 21, 2021
Page 3

Thank you for your consideration.

Respectfully,

RIVKIN RADLER LLP

Jonathan B. Bruno

cc: Counsel of Record (via ECF)

5537776.v1