LAW OFFICES OF

# AMBROSE WOTORSON

A PROFESSIONAL CORPORATION
41st FLOOR
225 BROADWAY
NEW YORK, N.Y. 10007
TELEPHONE: 212-884-5985
FACSIMILE: 212-732-8167
LOAWW1650@AOL.COM

October 22, 2021

**Via ECF**
Honorable Joanna Seybert, U.S.D.J
United States District Court
100 Federal Plaza, Courtroom 1030
Central Islip, New York 11722

      Re:  Perrong v. Charles Baratta LLC et al.
          Case No.: 2-21-cv-00996-JS-AYS

Dear Honorable Judge Seybert:

This Office represents Defendant Charles Baratta in the above-styled matter. We submit this letter to join our co-defendants' request for a pre-motion conference regarding a proposed motion to dismiss the Third Amended Complaint.

Plaintiff, Andrew Perrong, an individual who has been called a "frequent filer of Telephone Consumer Protection Act lawsuits" files in a seemingly new venue, yet fails to properly cure issues he has apparently experienced in the past. (*See Perrong v. South Bay Energy Corp.*, Case No. 2:20-cv-05781-JDW (E.D. Pa. April 13, 2021).

The primary issue in this case is that the number allegedly called, "215-725-1530," is not only *not* registered to him, but is registered at a home line to an unrelated individual at an address different from Plaintiff's home address. Additionally, the fact that Plaintiff continues to add parties that are not related to his prior claims, needs to stop. Plaintiff is apparently going to continue to induce calls, as he is apparently a professional at doing so. He will also continue to add parties in perpetuity, and he will continue to add costs. This process needs to stop. These allegations are fabricated as it is, and this complaint should be dismissed with prejudice given that they are fabricated.

In any event, Plaintiff also lacks standing to assert these claims. He has not, and cannot, plead that he suffered any concrete or particularized injury from Defendant's alleged cellular phone calls, and thereby lacks standing to assert a claim under the TCPA pursuant to the United States Supreme Court's recent ruling in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), as revised (May 24, 2016). Plaintiff also fails to plead facts establishing a plausible claim against Defendant. Rather than pleading specific facts, Plaintiff pleads barebones conclusions that contain a formulaic recitation of the elements under the TCPA and inapplicable state law. However, "[t]hreadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In this case, even if all facts are accepted to be accurate, there is no case that can be pursued here as there are no damages by the alleged parties that Plaintiff is attempting to sue. Instead, this is merely an attempt by plaintiff to extract monies from an innocent party that Plaintiff should have known should not be pursued prior to filing. In this particular case, there were never any violations, as Plaintiff's number, the only allegedly number called, is not registered to him, and even if it was, it is still a landline and further, he simply induces fabricated calls and continues to do so, which is why he continues to add additional parties. Further, by his own admission, Plaintiff invited further contact when he received the call, and as such, invited further communications, not stating that he did not wish to be called further. Indeed, plaintiff pleads that on January 30, 2021 he left his information *to be contacted again* and received an email for that purpose. See PAC ¶¶ 30-32. He then sent an email on February 1, 2021 to submit his demand, where he admitted that he not only spoke with an employee (which contradicts his claim in the PAC) that he stated "whom I believe to be from Prime Marketing Source". Further, in that email, he includes one address that based on public records, is a different address from that associated with his alleged number.

To make matters worse for Plaintiff, the call does not fall into the type required to even count as a violation. Per the TCPA, to qualify as an 'automatic telephone dialing system,' a device must have the capacity either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator. The device used in this case is known as an "IVR broadcaster" and that is what was used to send out the alleged initial call. The dialer does not, and can not, use any random or sequential software or number generator for dialing. The dialer is just used to dial the calls and connect the calls, it in no way generates the number or are they ever random. All numbers received have been DNC (Do Not Call list) and TCPA (Telephone Consumer Protection Act) scrubbed, so there cannot be violations when they are input into our dialer. As such, these calls do not, and cannot, fall into the category as violations of the TCPA.

This case should be dismissed with prejudice, based on the aforementioned facts. From the outset, this court lacks Subject Matter Jurisdiction. *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 436 (2007) ("If . . . a court can readily determine that it lacks jurisdiction over the cause or the defendant, the proper course [is] to dismiss on that ground."). Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint that fails to state a claim upon which relief can be granted. "To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). To demonstrate a facially plausible basis for relief, a plaintiff must plead facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In our case, Plaintiff does not plead any facts establishing that he suffered any concrete or particularized injury. In fact, Plaintiff does not allege that he suffered any damages whatsoever as a result of any alleged violations of the TCPA. At best, Plaintiff has simply alleged a bare procedural violation, which is insufficient to establish standing. It is important to note that Plaintiff's failure to plead a specific, concrete injury is particularly noteworthy in this case.

For constitutional standing, the "first and foremost" of Article III's requirements is injury in fact. *Spokeo,* 136 S. Ct. at 1548. To establish a sufficient injury in fact, a plaintiff must allege an injury that is "'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo,* 136 S. Ct. at 1548; *Clapper v. Amnesty Int'l USA, 568 U.S. 398, 409-10 (2013)*. Plaintiff has failed to allege any such injury. Congress enacted the TCPA to remedy "certain practices invasive of privacy" and "intrusive nuisance calls." See *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012). But, Plaintiff has not alleged any facts establishing an "actual or imminent" invasion of privacy here. In fact, his alleged number is not even registered to him, nor is their evidence that a cell phone was called, and not a land line. Defendant fails to and cannot assert an invasion of his privacy interests or that he had any expectation of privacy regarding a third party's residential landline. Moreover, his decision to remain on the line speaking to multiple live persons and requesting documentation does not suffice as injury. cf. *Bank v. CreditGuard of Am.,* No. 18CV1311PKCRLM, 2019 WL 1316966, at *11 (E.D.N.Y. Mar. 22, 2019) (rejecting Plaintiff's allegation that he was injured by a prerecorded call where he remained on the phone with a live agent for 20 minutes for investigatory purposes).

Finally, the U.S. Supreme Court recently rendered a relevant ruling in the matter of *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163 (Decided April 1, 2021). The Court reversed in Facebook's favor, holding that to qualify as an "automatic telephone dialing system," a device must have the capacity either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator. Here, Plaintiff does not have any such evidence. Moreover, he actually requested information during the call *when he admittedly spoke with a person*, completely nullifying his claim that he was harmed, and thus removing his claims from the TCPA ambit.

The Complaint must be dismissed for lack of subject matter jurisdiction.

Respectfully Submitted,

Ambrose Wotorson, Esq.